UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:03CV-195-R

KATHY CONNER                                                                                      PLAINTIFF

v.

STATE FARM MUTUAL                                                                        DEFENDANT
AUTOMOBILE INSURANCE
COMPANY

### MEMORANDUM OPINION

This matter comes before the Court on Defendant's Motion to Strike Plaintiff's Rule 26(a)(2) disclosure of David Friedland's statistical analysis (Docket #35). The Plaintiff, Kathy Conner ("Conner"), has responded to State Farm Mutual Automobile Insurance Company's ("State Farm") Motion (Docket #36). This matter is now ripe for adjudication. For the following reasons, State Farm's motion to strike is **DENIED**.

### BACKGROUND

Plaintiff asserted an age discrimination claim pursuant to the Kentucky Civil Rights Act alleging that State Farm did not hire her because of her age. In this motion, State Farm attacks the disclosure by David Friedland ("Friedland"), an industrial and organizational psychologist who has been asked by Conner to review and analyze the hiring practices of State Farm to determine the possibility of employment discrimination on the basis of age. Friedland looked at the hiring of State Farm for a five (5) year period from May 1999 to May 2004 in Ohio, Kentucky and Tennessee, and determined that non-State Farm employee applicants age 40 and over were less likely to be selected as State Farm agents compared to the non-State Farm employees under age 40. However, Friedland also determined that State Farm employees who were age 40 and over were more likely to be selected as State Farm agents compared to State

Farm employees under age 40.

## DISCUSSION

State Farm argues that the conclusions made by Friedland support a claim for disparate impact, but not disparate treatment as alleged by Conner. State Farm contends that the conclusions reached by Friedland demonstrate facially neutral practices by State Farm that happen to coincidentally impact the way in which applicants 40 and over are hired, and therefore should be analyzed under a disparate impact standard. As such, State Farm claims that because Friedland used a different standard than asserted by Conner, the statistics may not be used. State Farm also argues that the analysis conducted by Friedland is overly broad and irrelevant because the decision was made locally by Dan Brooks ("Brooks"), where as the statistical analysis employed by Friedland looks at the hiring practices of State Farm in three (3) states. Conner asserts that the conclusions reached by Friedland support her disparate treatment claim because they augment her arguments that State Farm treated her less favorably because of her age. Further, Conner argues that the statistics are relevant and can be used as circumstantial evidence to show pretext for intentional discrimination by State Farm. The Court will address the issues of disparate treatment and relevance separately.

***Whether the conclusions reached by Friedland used a disparate treatment or impact analysis***

The United States Supreme Court, in the case of *Raytheon v. Hernandez*, recognized the distinction between claims of discrimination based on "disparate treatment" and those based on "disparate impact." *Raytheon v. Hernandez*, 540 U.S. 44, 52 (2003). The Court held that disparate treatment claims look to see if an employer treats people of a protected class less favorably than others. *Raytheon*, 540 U.S. at 52, quoting *Teamsters v. United States*, 431 U.S.

324, 335 n. 15 (1977).  The Court emphasized that the protected trait in a disparate treatment case motivates the decision by the employer. *Id.*, quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993).  In contrast, disparate impact claims deal with facially neutral employment practices that may be discriminatory, though there lacks evidence of the employer's subjective intent. *Id.* at 52-53.

In the instant matter, Conner asserted an age discrimination claim against State Farm alleging that her age motivated the decision of State Farm not to hire her for the agency-training position, which qualifies as a disparate treatment claim.  She asked Friedland to look at the hiring practices of State Farm in order to have supporting evidence to bolster her claim.  The standard used by Friedland does not use a disparate impact analysis because Friedland bases his opinion on the subjective judgment of State Farm.  In Paragraph 15 of his report, Friedland states "[b]ased on my review of information provided concerning the selection process for Agent it is apparent that most of the steps in the selection process are based on subjective judgments."  This demonstrates that when Friedland reached his conclusion the subjective intent of State Farm was a factor, and Friedland did not treat the analysis solely as a facially neutral process.

Additionally, State Farm's reliance on *Raytheon* as on point in this matter is misguided. In *Raytheon*, the Court held that the lower courts had erred because they concluded that the non-neutral policy offered by the employer was not a legitimate nondiscriminatory reason to satisfy the employer's burden under the *McDonnell Douglas* shifting burden analysis. *Id*. at 54-55, citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). The Court in *Raytheon* did not hold that the actual evidence submitted on behalf of a party in a discrimination case must be analyzed using the disparate treatment or impact standard, but instead held that Courts must

3

be consistent when analyzing a case as either a disparate treatment or disparate impact claim. *Id.* The Court did note that the lower courts should have treated the claim as a disparate treatment case rather than disparate impact claim because the plaintiff had filed a disparate treatment claim; as such, this Court shall abide by that standard in this matter and analyze the claim by Conner as well as the evidence submitted by her using a disparate treatment standard. *Id*. Therefore, the conclusions reached by Friedland use a disparate treatment analysis, and shall not be stricken for that purpose.

### ***Whether the conclusions reached by Friedland were overly broad and irrelevant***

The Sixth Circuit Court of Appeals, in *Scales v. J.C. Bradford*, held that the trial court has wide discretion in determining what limits the parties shall have when conducting discovery. *Scales v. J.C. Bradford*, 925 F.2d 901, 906-07 (6th Cir. 1991). In *Scales*, the Court upheld the decision by the lower court to limit the bounds of discovery in a discrimination case stating that because the decisions by the employer were made locally in Nashville, the plaintiff need not analyze the decisions outside of that area when compiling statistics to support her discrimination claim. *Id*. State Farm argues that such logic should apply to the case at hand, and that Conner should be prohibited from introducing the statistics because they are overly broad and irrelevant.

In the instant matter, the Court has already limited the extent of the discovery by Conner at the request of State Farm to the applications within a five (5) year span and three (3) states (Dockets #13 and #26). Dan Brooks, a Vice President of the State Farm Agency, works in three (3) states including: Ohio, Tennessee, and Kentucky. One of Brooks duties includes the selection process of agents in these states. In contrast to *Scales*, the decisions made by Brooks extended beyond Kentucky because Brooks had a say in the hiring decisions that took place in

4

three states, not just one city.  Further, the Court has already used its discretion to determine the limits of the discovery by Conner on this matter, and the Defendant should not be surprised that Friedland's reported included these three (3) states.  As such, the report submitted by Friedland on behalf of Conner is not overly broad.

State Farm has also asserted that the statistics submitted by Friedland are not relevant or admissible.  The Court finds that the Defendant's objection goes more to the weight rather than the admissibility of evidence.  Additionally, in *Cicero v. Borg-Warner Automotive, Inc.*, an age discrimination case, the Sixth Circuit Court of Appeals determined that statistical evidence not offered as direct evidence of discrimination, but instead offered as additional circumstantial evidence, could be admitted to show that the discrimination was more likely than not. *Cicero v. Borg-Warner Automotive, Inc.*, 280 F.3d 579, 592-93 (6th Cir. 2002).

In the instant matter, these statistics serve merely as circumstantial evidence and are relevant evidence because they support the claim by Conner that State Farm's reasoning not to hire her was pretextual.  State Farm will have the opportunity to counter the weight of this circumstantial evidence before the finder of fact.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Strike is **DENIED**.

An appropriate order shall issue.