UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:03cv195-R

KATHY CONNER,                                                                                           PLAINTIFF

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,                                                                                 DEFENDANT

## MEMORANDUM OPINION

This matter comes before the Court on the Plaintiff's Motion to Alter the Judgment (Docket #80). The Defendant has responded to the Plaintiff's motion (Docket #81). This matter is now ripe for consideration. For the following reasons, the Plaintiff's Motion to Alter the Judgment is **DENIED**.

## PROCEDURAL HISTORY

On February 17, 2006, the Court issued a memorandum opinion (Docket #65) on the Defendant's motion for summary judgment denying the Defendant's motion unless more information came forward regarding the business decision by State Farm Mutual Automobile Insurance Company ("State Farm") concerning the interview process. On April 21, 2006, after receiving the scoring information regarding the interview process, the Court granted the supplemental motion for summary judgment submitted by the Defendant (Docket #78). On May 1, 2006, the Plaintiff filed a motion to alter judgment under FRCP 59(e) arguing that: the Court did not view the facts in a light most favorable the Plaintiff s required by FRCP 56; the Court misconstrued the case law it used when making its determination; and the Court made a factual determination regarding the business judgment of the Defendant that should have been reserved for the finder of fact. The Defendant has filed a response contending that the Plaintiff is

attempting to impermissibly reargue their case and that the case law cited by the Court is consistent with its findings as well as the law of Kentucky and the Sixth Circuit Court of Appeals.

## STANDARD

The court may grant a motion to alter or amend, pursuant to Federal Rule of Civil Procedure 59(e), "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. American International*, 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted). "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable." *GenCorp*, 178 F.3d at 834. A FRCP 59(e) motion to alter does not provide the Plaintiff another opportunity to argue the merits of their case. *GenCorp* at 834.

## DISCUSSION

The Plaintiff asserts that the Court did not look at the facts in a light most favorable to the Plaintiff, the non-moving party, as required by FRCP 56 when making its determination. In particular, the Plaintiff argues that the Court made an improper factual determination when it stated that "the methods used to interview the candidates were fair and impartial," and that the Court did not properly take into consideration all of the Plaintiff's circumstantial evidence when the Court held that the Defendant had made a legitimate business decision when it chose not to hire the Plaintiff. The Plaintiff also questions the Court's reliance on *Brocklehurst v. PPG Industries*, 123 F.3d 890 (6th. Cir. 1997) and *Acree v. Tyson Bearing Co., Inc.*, 128 Fed. Appx. 419, 431 (6th Cir. 2005).

It is well-established that "[t]he soundness of an employer's business judgment may not be questioned as a means of showing pretext." *Chappell v. GTE Products Corp.*, 803 F.2d 261, 266 (6th Cir.1986); *See also Rowan v. Lockheed Martin Energy Systems, Inc.*, 360 F.3d 544, 550 (6th Cir.2004). However, the business judgment of an employer is not an absolute defense to discrimination. *Wexler v. White's Fine Furniture, Inc.* 317 F.3d 564, 576 (6th Cir. 2003) (citing *E.E.O.C. v. Yenkin-Majestic Paint Corp.*, 112 F.3d 831, 835 (6th Cir.1997)). "The reasonableness of an employer's decision may be considered to the extent that such an inquiry sheds light on whether the employer's proffered reason for the employment action was its actual motivation." *Wexler* at 576 (citing *Smith v. Chrysler Corp.*, 155 F.3d 799, 807 (6th Cir.1998)). However, though the Court may consider the reasonableness of a business decision by an employer, the employee must still put forth sufficient evidence to meet its burden under the *McDonnell-Douglas* analysis. *DePas v. Stocker & Yale, Inc.*, 94 Fed.Appx. 335, 339-340 (6th Cir. 2004).

In the instant matter, the Court did take into consideration the reasonableness of the business judgment of State Farm when it determined that State Farm had made a legitimate business decision regarding its decision not to place Kathy Conner in the approved candidate pool. This is evident from its first memorandum opinion on this matter, where the Court held that it could not grant the Defendant's motion for summary judgment because based on the evidence at that time it could not determine how the Defendant had reached its decision, and the Court could not simply rely on State Farm's assurance that it had made a legitimate business decision. After receiving the interview forms of all the candidates, the Court was able to determine that the Defendant had made a reasonable business decision not to place Conner in the

approved candidate pool based on her interview scores compared to others who sought out the same position. Here, the Plaintiff has not put forth sufficient evidence to show pretext in its challenge of the business decision by State Farm, as required by *DePas*. *DePas* at 339-340. Conner has merely asserted that the interview process was "unfair," but has not offered any direct or circumstantial evidence to support this assumption, and she has therefore not met her burden under *McDonnell-Douglas* shifting burden standard. The Court held that the interview process was "fair" because the Plaintiff did not offer any evidence to suggest what, in particular, about the process was discriminatory. Consequently, the Plaintiff did not show pretext by challenging the business decision of State Farm.

Further, as mentioned *supra*, a FRCP 59(e) motion to reconsider does not permit a party to reargue their case on the merits; however, the Plaintiff attempts to have to Court reconsider its circumstantial evidence by listing six (6) points she feels supports her case to show pretext on the part of the Defendant. The Court determined that the circumstantial evidence offered by the Plaintiff did not raise an inference that the age of Conner was the reason behind the decision not to hire her, in light of her performance during the interview compared to the other candidates. Accordingly, the Court will not reconsider the circumstantial evidence offered by Conner, or its decision that Conner has not demonstrated pretext.

Lastly, the reliance by the Court on *Brocklehurst* and *Acree*, two (2) Sixth Circuit Court of Appeals decisions, was not in error as suggested by the Plaintiff. In citing those two (2) cases, the Court took into consideration the application of a federal law by the higher court in order to determine how the Court should follow the law as held by the Sixth Circuit Court of Appeals. The Court did not consider nor compare the facts in those matters to the instant case, nor did the

Court attempt to apply the state law of Michigan to the case at hand. Accordingly, Conner's assertion that the Court misapplied precedent, which it is bound to follow, is a misguided argument that fails as both a matter of law and application.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Alter Judgment is **DENIED**.

An appropriate order shall issue.