UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:03cv195-R

KATHY CONNER,                                                              PLAINTIFF

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,                                                      DEFENDANT

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff's Motion for Costs and Attorney Fees.

The Defendant, State Farm Mutual Automobile Insurance Company ("State Farm") has

responded.  This matter is now ripe for adjudication.  For the following reasons, the Plaintiff's

motion is **GRANTED in part**, and **DENIED in part**.

## PROCEDURAL & FACTUAL BACKGROUND

During a telephonic scheduling conference that took place on January 16, 2004, the Court

ordered that disclosures by the parties to be exchanged by January 23, 2004, and that ultimately,

the parties should complete discovery by March 30, 2005.  On April 4, 2004, the Plaintiff served

interrogatories and a request for production of documents to State Farm.  In August 2005, a

second set of interrogatories and a request for production of documents was submitted to State

Farm by the Plaintiff, Kathy Conner ("Conner").  During the course of discovery, when Dan

Brooks, the State Farm agent who made the final decision concerning Conner's hiring, was being

deposed on December 17, 2004, Brooks stated that he did not believe that certain documents

concerning the interview process were available; specifically, the individual rating forms of the

other candidates.  State Farm later submitted the documents as an attachment to the pretrial brief

after the Court issued its initial memorandum opinion on the first motion for summary judgment

on February 17, 2006.  Thus, the interview candidate reports of Lisa Beard ("Beard") and Wade

Flowers ("Flowers") as well as the other successful and unsuccessful candidates were not

available to the Plaintiff nor the Court prior to February 17, 2006, when the Court issued its

initial Memorandum Opinion.  After a telephonic conference between the parties and the Court

following the initial memorandum opinion, the Defendant made a renewed motion for summary

judgment that was granted by the Court on April 21, 2006.  The Plaintiff now seeks attorneys'

fees from the Defendant, arguing that State Farm failed to submit the aforementioned documents

in a timely manner as proscribed by Federal Rule of Civil Procedure 26.

In this motion, the Plaintiff also seeks expert witness fees for the professional services of

her expert, Dr. David Friedland ("Dr. Friedland").  State Farm asserts that as the prevailing party

it should not have to pay the expert fees.

## STANDARD

Federal Rule of Civil Procedure ("FRCP") 37(c)(1) states:

(c) Failure to Disclose; False or Misleading Disclosure; Refusal to Admit.
(1) A party that without substantial justification fails to disclose information required
by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by
Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at
a trial, at a hearing, or on a motion any witness or information not so disclosed. In
addition to or in lieu of this sanction, the court, on motion and after affording an
opportunity to be heard, may impose other appropriate sanctions. In addition to
requiring payment of reasonable expenses, including attorney's fees, caused by the
failure, these sanctions may include any of the actions authorized under Rule
37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make
the disclosure.

28 U.S.C. §1927 states:

Any attorney or other person admitted to conduct cases in any court of the United
States or any Territory thereof who so multiplies the proceedings in any case
unreasonably and vexatiously may be required by the court to satisfy personally the
excess costs, expenses, and attorneys' fees reasonably incurred because of such

conduct.

Thus, in matters where a party fails to disclose information as required by FRCP 26, the Court has  discretion to impose monetary sanctions against a delinquent party who does not comply with discovery requests, court orders and/or procedural rules. *See Roadway Express, Inc. v. Piper,* 447 U.S. 752, 763-64 (1980); *Telechron, Inc. v. Intergraph*, 91 F.3d 144, 1996 WL 370136 at  *2 (6th Cir.1996) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *United States v. One 1987 BMW 325*, 985 F.2d 655, 657 (1st Cir.1993); *In re Ruben*, 825 F.2d 977, 983 (6th Cir.1987), cert. denied, 485 U.S. 934 (1988)); *see also Johnson v. Cleveland Heights/University Heights School Dist. Bd. of Ed.*, 66 F.3d 326, 1995 WL 527365, at *2, *3 (6th Cir.1995); *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 514-515 (6th Cir. 2002).

## DISCUSSION

The Court has discretion to impose sanctions against a party who fails to comply with FRCP 26 discovery.  In *Johnson*, the Sixth Circuit Court of Appeals held that the district court had an inherent power to impose sanctions under FRCP 37 for repeated discovery violations. *Johnson* at 1995 WL 527365, *2.  In *First Bank of Marietta*, the Sixth Circuit interpreted the United States Supreme Court holding in *Chambers* to give the district court the discretion "to sanction bad-faith conduct, even if the court has not expressly considered whether such conduct could be sanctioned under all potentially applicable rules or statutes."  *First Bank of Marietta*, 307 F.3d at 514.  However, Rule 37 sanctions do *not* require a showing of bad faith. *Id.* at 517, n. 13 (citing *United States v. Claros*, 17 F.3d 1041, 1047 n. 4 (7th Cir.1994)).  "Similarly, Rule 37's authorization of monetary sanctions is also limited to expenses 'caused by the failure to comply

with discovery orders.' *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980)." *Id.*

The Plaintiff, and other candidates applying for the disputed positions, had been part of a multi-stage selection process to become an approved candidate to become an agent for a State Farm branch.  Only candidates from the approved candidate pool could apply for the agent positions.  The last step of the selection process was the candidate interview.  Based on that interview, the Plaintiff was not placed in the approved candidate pool, and consequently was not chosen to be an agent at two (2) of the branch locations she had applied in both Clinton and Cumberland Counties, respectively.

The Clinton County position went to Ms. Beard, while the Cumberland County position went to Mr. Flowers.  Both candidates scored higher than the Plaintiff during the interview.  Their score sheet summaries were produced on February 17, 2006, the day the Court issued its initial Memorandum Opinion.  The interview results of the other approved candidates, both successful and unsuccessful, within the selection pool were not produced prior to February 17, 2006.  In fact, the Plaintiff was told that these documents were not available.  In its opinion, the Court ruled that these documents were crucial.

State Farm now argues that these documents were not required nor relevant under the discovery requests of the Plaintiff or FRCP 26 (a)(1) disclosures.  This argument fails in light of the fact that these documents were the determining factor in the decision to grant State Farm's renewed motion for summary judgment, and the fact that State Farm included these documents in their pretrial brief.  Obviously, State Farm realized these documents were relevant to the claims and defenses asserted.  Without question, these documents should have been produced

earlier in the discovery process.

On two occasions the Plaintiff sought information pursuant to FRCP 26 (a)(1) and other discovery requests concerning the interview selection process forms of the other candidates from the candidate pool. On all occasions, State Farm did not comply with these valid discovery requests. Further, State Farm did not meet the March 30, 2005 deadline for completing all discovery. This failure to provide such documents to the Plaintiff set the course of strategy of the litigation taken by Conner as she proceeded in her response to the Motion for Summary Judgment by State Farm, as well as her preparation for trial.

When reaching its initial opinion, the Court did not have access to these same records until after it issued its opinion on February 17, 2006. This led to both a renewed motion for summary judgment and an unnecessary furtherance of the litigation. During a telephonic conference with the parties, when the Court questioned State Farm's attorney as to why he did not disclose such evidence, especially in light of the fact those documents aided the Defendant's case, State Farm did not provide a reason or an excuse for its failure to disclose. When the Court granted the renewed motion for summary judgment by the Defendant on April 21, 2006 based on these withheld materials, this demonstrated the importance of these documents not only for the Court in reaching its decision, but also for the Plaintiff who had to proceed to litigate this matter even further because State Farm failed to disclose this information during discovery. The failure to disclose these materials was more than a harmless error. Accordingly, the Court will exercise its discretion in this matter to award reasonable attorneys' fees to the Plaintiff for the unnecessary time spent by Plaintiff's counsel caused by the failure to produce documents.

The Court has determined that the Plaintiff is entitled to receive the cost of responding to

the Defendant's initial motion for summary judgment and the cost of preparing its motion for attorney's fees, as well as for time spent preparing documents for the final pretrial conference. The Court has reviewed the Plaintiff's time sheets and has determined that the Plaintiff shall receive 44.3 hours of attorney's fees at the rate of $200 per hour. The Court finds that $200 per hour is a reasonable rate. In preparation for responding to the initial motion for summary judgment, counsel for the Plaintiff spent 14.4 hours in preparing the response. The Court also includes an award of five (5) hours attorney's fees for time spent working on the motion for attorney's fees.

The Court also included the 24.9 hours spent by Plaintiff's counsel in preparation of documents required for the final pretrial conference. If the Defendant would have included the requested relevant documents during discovery, this Court would have granted an initial motion for summary judgment in the Defendant's favor, and the Plaintiff would not have spent 24.9 hours preparing for the final pretrial conference. This time, added to the 19.4 hours already allotted makes a total of 44.3 hours to be awarded to the Plaintiff, at a rate of $200 per hour.

The Court did not include the time related to the preparation of Dr. Friedland. Dr. Friedland would have been used regardless of whether State Farm had produced the interview scoring sheets. The Defendant is the prevailing party. If the Court ordered those fees to be paid by State Farm, then State Farm could include those in its bill of cost. The award of those fees serves no purpose at this time. Dr. Friedland's deposition and the expenses associated with it were not related to the discovery issues of State Farm. Further, the time spent by Plaintiff responding to the supplemental motion for summary judgment was not included because that was the time the Plaintiff would have spend responding had State Farm initially included the

documents during discovery.   Accordingly, the Plaintiff shall not recover costs spent on the deposition of Dr. Friedland or responding to the supplemental motion for summary judgment. The Court finds that these expenses are not related to the Defendant's failure to produce documents.

**CONCLUSION**

For the foregoing reasons, the Plaintiff's motion is **GRANTED**.  The Defendant shall pay the Plaintiff a sum of $8860.00 for reasonable attorney's fees.

An appropriate order shall issue.